```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      EASTERN DIVISION
```

**LINDSEY HARPER, #87493**                                    **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO. 4:05cv188TSL-JCS**

**EMCF and WARDEN ANDERSON**                                 **DEFENDANTS**

<u>OPINION AND ORDER</u>

Upon further consideration of the records in this action, the court finds that an order was entered on December 2, 2005, denying the prisoner plaintiff's request to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(g)[1] and requiring plaintiff to pay the full filing fee of $250.00, within thirty days. Plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit. The plaintiff failed to comply with this order.

On February 7, 2006, the court entered an order directing the plaintiff to show cause why this case should not be dismissed for his failure to comply with the court's December 2, 2005 order. In addition, the plaintiff was directed to comply with the court's previous order by paying the required filing fee within

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

fifteen days.  Plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of this case without further written notice to the plaintiff.  The plaintiff failed to comply with this order.

The plaintiff has failed to comply with the court's orders of December 2, 2005 and February 7, 2006.  This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

2

A final judgment in accordance with this opinion and order will be entered.

This the <u>28th</u> day of March, 2006.

>       /S/ TOM S. LEE
>       UNITED STATES DISTRICT JUDGE